HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY HERNANDEZ,<br><br>               Plaintiff,<br><br>   v.<br><br>SYLVIA ORELLANA,<br><br>              Defendant. | CASE NO. C19-01476-RAJ<br><br>**ORDER DISMISSING<br>PLAINTIFF'S COMPLAINT** |

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Mary Hernandez's complaint with leave to amend. Dkt. # 3.

On September 13, 2019 Plaintiff filed this action against Defendant Sylvia Orellana. Dkt. # 1-1. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted the application. Dkt. # 2.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

ORDER - 1

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

Before proceeding further with this matter, the Court is obligated to determine whether it has subject matter jurisdiction. *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011); Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Absent jurisdiction, any determination on the merits would be void. *Watts v. Pickney*, 752 F.2d 406, 409 (9th Cir. 1985). Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. Federal courts have jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states. 28 U.S.C. § 1332.

In her Complaint, Plaintiff alleges that the jurisdictional basis for this action is diversity of citizenship under 28 U.S.C. § 1332. Dkt. # 3 at 1, 4. However, based on the facts alleged in the Complaint, it appears that Plaintiff and Defendant Sylvia Orellana are both residents of Washington. Dkt. # 3 at 4. As a result, complete diversity does not exist. 28 U.S.C. § 1332(a)(1). In addition, Plaintiff fails to allege facts supporting damages in excess of $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation omitted). Plaintiff alleges in her Complaint that Defendant owes her $30,000, but this is well below the $75,000 threshold. Dkt. # 3 at 5. To the extent Plaintiff is attempting to assert federal question jurisdiction, Plaintiff has not identified a federal law or statute underlying her claims and the Court cannot

ascertain one.  In sum, Plaintiff makes no allegations that support a finding of federal question jurisdiction or diversity jurisdiction.

For the reasons stated above, the Court **DISMISSES** Plaintiff's Complaint. Dkt. # 3.  **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above.  If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss this action with prejudice.

Dated this 22nd day of November, 2019.

*[signature]*

The Honorable Richard A. Jones
United States District Judge